BROOM, Justice:
A murder prosecution against appellant resulted in a guilty verdict in the Circuit Court of Jackson County, Mississippi. He was sentenced to serve a life term in the Mississippi State Penitentiary and appeals. We affirm.
The grounds for reversal argued by the appellant concern (1) use of members of the regular jury panel after the special ve-nire had been exhausted; (2) sufficiency of evidence; and (3) state’s jury instruction No. 2.
*347 The basic facts in the case are these: On December 1, 1973, Annie Nettles died from a shotgun blast which projected numerous buckshot slugs into her body at close range. ' Having just returned to her place of residence from grocery shopping and while removing groceries from a car, the deceased was shot without any warning at a time when she was unarmed. The appellant and the deceased had lived together as husband and wife for a number of years, but were estranged and had been separated for about a month. Appellant had been trying to persuade her to resume living with him but she rejected his overtures. His own statement indicated that he was concealed in the darkness of the night and shot her when she returned from shopping. The appellant surrendered himself at the Moss Point Police Station where he announced that he had done the shooting, and then turned over the shotgun to the police. According to appellant, he did not intend to kill her, but did intend to shoot her in the leg so that she would talk to him.
I.
A special venire of seventy-five prospective jurors was called at appellant’s request but was exhausted before twelve jurors were qualified and accepted by both sides. At that time the court completed the jury selection process by using members of the regular panel, and this is argued as error.
Mississippi Code Annotated section 13-5-77 (1972), provides that in instances where the special venire is exhausted before twelve jurors are qualified, “ . the court shall proceed to make up the jury for the trial of the case from the regular panel and tales jurors who' may have been summoned for the day.” In this case members of the regular panel of jurors were not used until the special venire was exhausted, and it is not shown that the trial judge failed to comply with the statute in any particular. The trial judge caused more than the minimum of forty names to be drawn for the special venire and tracked the statute in using members of the regular panel. No error was commenced in this regard.
II.
Appellant’s argument that the verdict of the jury was against the overwhelming weight of the evidence cannot be upheld upon the record before us. The jury had evidence submitted to it to the effect that appellant had previously told the deceased that he would kill her if she did not resume living with him. By his own voluntary confession in writing, given after he was fully advised of his rights, the appellant admitted that he deliberately went to the place of residence of the deceased and waited for her for the specific purpose of shooting her (in the leg). This Court has had presented to it numerous instances of cold blooded murder, but it would be hard to imagine a more ruthless, gruesome and unjustifiable killing of a human being than that perpetrated by the appellant. In pitiless barbarity and unbridled vengeance, he assumed the role of executioner and without provocation took the life of the woman who had given birth to several of his children.
Appellant contends that the state failed to prove malice aforethought. He states in his brief that at the time of the shooting he “was a confused and lonely man and only wanted to have his loved one of many years back with him.” He says that he was “in a state of panic and depression” and the deceased “had only laughed when he told her to return home.”
At the appellant’s request, the jury was given an instruction authorizing a verdict of manslaughter in the event the jury found that the killing was done “in the heat of passion without malice.” It was the *348 jury’s verdict that the appellant acted with malice aforethought and deliberate design to kill the deceased, and we cannot say that the jury was unjustified in finding the appellant guilty as charged. Cromeans v. State, 261 So.2d 453 (Miss.1972).
III.
Final argument of appellant is that the court erred in granting state’s instruction No. 2, which reads as follows:
The Court instructs the jury for the State that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Jasper Odom, Jr., on the 1st day of December, 1973, in Jackson, Mississippi, unlawfully, wilfully, feloniously and of his malice aforethought, did, then and there, kill and murder one Annie L. Nettles, a human being, then it -shall be your sworn duty to find the defendant guilty as charged.
The record clearly shows that no objection was made to this instruction in the court below, and in arguing against the instruction, appellant cites no authority whatever. The instruction complained of tracks the definition of murder found in Mississippi Code Annotated section 99-7-37 (1972), and, even if objected to, when considered with other instructions given the jury, would not be erroneous upon the facts and circumstances of this case. We point out that appellant’s instruction No. 7 advised the jury that in order to convict him of murder, the evidence must exclude any reasonable doubt that he killed the deceased with his “deliberate design.” Under Mississippi Supreme Court Rule No. 42, we may consider objections made for the first time on appeal “in order to prevent manifest injustice.” However, in this case the record and instructions when considered in their entirety show no injustice whatever in the verdict rendered.
We find no merit in any of the assignments of error and the jury was fully warranted in returning the verdict of guilty as charged.
Affirmed.
GILLESPIE, C. J., RODGERS, P. J., and INZER, ROBERTSON, SUGG and WALKER, JJ., concur.